UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

DAVID ROBERT GORDON and
MICHELLE MATRICARDI GORDON,

Debtors.                                              No. 09-13228-j7

**RESPONSE TO TRUSTEE'S OBJECTION TO ALLOWANCE**
**OF [THE CLAIM OF] THOMAS AND LAURIE GORMLEY**

COME NOW Thomas and Laurie Gormley ("Creditors"), by and through their counsel, the Law Office of George "Dave" Giddens, P.C. (Chris M. Gatton), and for their response to the Trustee's Objection to Allowance of Thomas and Laurie Gormley, filed on January 16, 2014 (Docket No. 88), STATES:

1.      The Trustee's claims objections states that Claim No. 22 on the belief that the claim is owed by Desert Sage Building Development, Inc., and not by the Debtors personally.

2.      This statement is erroneous.  The Complaint filed herein that initiated Adversary No. 09-1168 contains numerous allegations that the Debtors are personally liable to Creditors by virtue of the Debtors fraudulent actions, including, *inter alia*:

    a.      Paragraph 6: "Gordon was, at all times material hereto, acting individually and personally and directly in all misrepresentations, in breaching trust for monies which should have been held on behalf of the Gormleys."

    b.      Paragraph 7: Gordon, moreover, acted at all times individually in committing the acts of fraud and breach of fiduciary duty and trust."

    c.      Paragraph 8: "Gordon, acting for himself, for the community, and ostensibly on behalf of Desert Sage…"

    d.      Paragraph 24: "In fact, Gordon immediately used the draw payment… to cover insufficient funds checks in one of Gordon's bank accounts."

    e.      Paragraph 25: "Gordon also immediately thereafter took a vacation trip."

f.      Paragraph 29: "Defendant Gordon obtained money under false pretenses, a false representation, and by actual fraud, and by use of a writing that was materially false."

g.      Paragraph 30: "Gordon represented that said payments would be used for the benefit of subcontractors and suppliers, and that he was demanding same payment for the payment of others, when, in fact, Gordon was demanding same to alleviate or ameliorate his own financial distress, to use for his personal benefit and advantage before his intended bankruptcy filing."

h.      Paragraph 31: "…all such misrepresentations were made in order to induce the Gormleys to pay monies to him in trust, which sums he specifically intended to embezzle, unlawfully take or otherwise misappropriate."

i.      Paragraph 33: "…Gordon used said funds for the benefit of himself and the community, in payment of luxury goods or services and a vacation trip."

j.      Paragraph 35: "Gordon, acting for himself and the community…"

k.      Paragraph 39: "Gordon willfully injured the Gormleys, with intent to cause injury and harm to the Gormleys…"

*Adversary No. 09-1168*, *Docket No. 1*.

3.      Given the multitude of allegations against the Gordons individually, the Trustee's claims objection is wholly without merit and should be denied with prejudice.

WHEREFORE, Creditors respectfully request that the Court enter an Order denying the Trustee's objection to Claim No. 22 with prejudice, allowing Claim No. 22 in full or in an amount to be proven in Adversary No. 09-1168, and for such other and further relief as the Court deems just and proper

2

Respectfully submitted:

Law Office of George "Dave" Giddens, P.C.

/s/Christopher M. Gatton,
Submitted electronically 1.17.14
10400 Academy, NE  Suite 350
Albuquerque, NM 87111
505-271-1053
505-271-4848 fax
chris@giddenslaw.com
*Attorneys for Thomas and Laurie Gormley*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the **17th day of January, 2014,** I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel requesting notice to be served by electronic means on the date of filing.

/s/Christopher M. Gatton,
Submitted electronically 1.17.14

3